IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| BETH ANN SMITH, | : | Chapter 11 Case No. 22-10618 |
| | : | |
| Debtor. | : | |
| | : | |

**FIRST MOTION TO EXTEND DEBTOR'S DEADLINE TO FILE PLAN**

COME NOW Beth Ann Smith, Debtor and Debtor-in-Possession in the above-styled case (the "**Debtor**"), and, pursuant to 11 U.S.C. § 1189(b), moves this Court for an Order extending the deadline for the Debtor to file a plan, respectfully showing as follows:

**Background and Facts**

1. Debtor filed her voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") on August 26, 2022 (the "**Petition Date**").

2. The Debtor continues is operating and managing her affairs as debtor-in-possession pursuant to Sections 1182 and 1184 of the Bankruptcy Code.

3. The Debtor is engaged in the practice of law through her non-debtor entity, Beth Ann Smith JD, P.C., and operates such law practice at 3540 Wheeler Road, Suite 611, Augusta, Georgia 30909. This law practice is operated in connection with the Debtor's mother's entity, Barbra Ann Smith JD, P.C., and is known as "Smith and Smith Attorneys at Law."

4. James Overstreet is the Subchapter V trustee in these cases.

5. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested is 11 U.S.C. § 1189(b).

7. On September 29, 2022, the Debtor filed her required Status Report. Dkt. 59.

8. The Debtor participated in her 341 Meeting of Creditors on September 30, 2022.

9. The Court conducted the Status Conference on October 13, 2022.

10. The proof of claim deadline for non-governmental creditors was on November 4, 2022. A number of creditors filed timely proofs of claim, including a handful that the Debtor disputes, as indicated in her timely-filed Schedules and Statement of Affairs. Dkt. 51. Counsel for the Debtor has not had an opportunity to discuss the merits of such claims with representative for disputed claimants.

11. In addition, a tardy proof of claim has been filed by Perkins, LLC on November 8, 2022. As a result of the delayed filing, counsel for the Debtor has only had initial conversations with counsel for Perkins, LLC to discuss matters pertaining to the claim asserted against the Debtor.

12. The § 523 and § 727 deadline for the Debtor will not lapse until November 29, 2022. No creditors or parties-in-interest have yet filed a complaint under those sections, but time still remains for a creditor to seek relief under those code sections or request an extension of time from this Court.

13. The Debtor filed an application on October 15, 2022, to employ a broker for the sale of certain commercial property located in Waynesboro, Georgia. Dkt. 70.

14. An Order was entered by this Court, subject to a twenty-one (21) day objection period, granting the Debtor's application to employ a broker. Dkt. 85. Such objection period expired on November 15, 2022.

15. Debtor's broker has listed the commercial property located in Waynesboro, Georgia for sale and is currently fielding requests for viewing the property, but there have been no offers in the short amount of time the property has been listed.

16. Additionally, the Debtor's son is in the process of selling certain real estate in New York with the intention of using such proceeds to purchase farm property from the Debtor.

17. Upon information and belief, the Debtor's son has had an unofficial offer tentatively pending for the purchase of the New York property. However, the potential buyer has not committed despite expressing interest for nearly a month.

18. As a result of the potential buyer's inability to commit to the purchase of the Debtor's son's New York property, it is the Debtor's understanding that the New York property has now been listed and being more widely marketed.

19. As the Debtor has indicated to the Court and to counsel for Southern Bank, the sale of the property in Waynesboro, Georgia and the sale of the farm property to the Debtor's son would generate substantial funds to pay directly to Southern Bank in satisfaction for a significant portion of the current outstanding debt owed by the Debtor.

20. Southern Bank is the largest secured creditor in this case and holds security interests, in varying priorities, on a substantial portion of the Debtor's real property.

21. The Debtor continues to make adequate protection payments to Southern Bank, pursuant to the Consent Order entered by the Debtor and Southern Bank. Dkt. 83.

**Relief Requested**

22. By this Motion, Debtor seeks entry of an order extending by sixty (60) days the Section 1189(b) deadline for filing a plan, such that the extended deadline would be January 23, 2023.[1]

---

[1] Sixty days from the current deadline falls on Sunday, January 22, 2023.

**Basis for Relief**

23. Under 11 U.S.C. § 1189(b), a Subchapter V debtor "shall file a plan not later than 90 days after the order for relief under this chapter, except that the court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable." 11 U.S.C. § 1189(b).

24. In these cases, the current Section 1189(b) deadline is November 23, 2022.

25. There are a number of important and substantial matters that counsel for the Debtor needs to have time to address and consider before a plan can be submitted for confirmation to this Court. A majority of those issues are actions for which the Debtor should not justly be held accountable.

26. First, there are a number of claims which have been filed in this case which the Debtor has indicated she disputes and has concerns over. At least two of these claims were filed during the week of the proof of claim deadline, and a third was filed after the proof of claim deadline. Given the nature of the dispute as to these claims, the Debtor was unsure which, if any, would even make an appearance in this case. By filing claims with less than twenty (20) days until the deadline for the Debtor to propose a plan, the Debtor is in the position of attempting to discuss merits and concerns of such claims on a short timeline that leaves little room for meaningful and extended conversation in the pursuit of a consensual plan. A sixty day extension gives counsel for the Debtor room to contact certain creditors and determine if a resolution can be reached or not.

27. Second, the deadline for actions related to the Debtor's discharge will not take place until after the currently scheduled deadline for the Debtor to file her plan. While the Debtor has projected a 100% plan such as to render the discharge deadline moot, the Debtor believes that conversations with the unsecured creditor pool – particularly those which the Debtor has listed as "disputed" – is important to the plan-formulation process.

28. Third, the sale of certain pieces of the Debtor's real property to pay down the Southern Bank secured loan will likely have a substantial impact on the terms included in a proposed plan of reorganization. It was the Debtor's understanding that the potential buyer of the Debtor's son's property in New York (which sale would facilitate the purchase of the Debtor's farm property) had indicated that it wanted to proceed with the sale, but ultimately ended up delaying the sale for various reasons. The Debtor's son has now listed the property to (i) put pressure on the prospective buyer to come back to the table, and (ii) field any other offers which will close more expeditiously and allow him to purchase the farm property belonging to the Debtor. The Debtor submits that she should not be held accountable for the continued delays and excuses by the potential buyer in New York which has inhibited her son from selling/marketing the New York property. An extension of sixty (60) days would allow substantial time for the Debtor's son to market the New York property thoroughly and either find a new buyer or cause the potential buyer to no longer delay a sale. In turn, this would allow the Debtor's son to enter into an agreement, subject to court approval, for the purchase of the farm property, which would materially impact the terms of any plan proposed by the Debtor.

29. Counsel for the Debtor has informed the Subchapter V Trustee of its intent to file this Motion. After discussion, counsel for the Debtor and the Subchapter V Trustee agreed that a request for an extension of sixty days would be reasonable under the circumstances.

30. Counsel for the Debtor has also informed counsel for Southern Bank of its intent to file this Motion. After discussion, counsel for Southern Bank agreed with counsel for the Debtor that an extension of sixty days would be reasonable under the circumstances.

31. Counsel for the Debtor has also informed the United States Trustee of its intention to file this motion. The United States Trustee indicated that it would review the Motion and file a response as it deems necessary.

32. Accordingly, the Debtor respectfully request that, pursuant to the discretion this Court has under § 1189(b), the Court extend the § 1189(b) deadline by 60 days from November 23, 2022, to January 23, 2023.

## Notice

33. The Debtor will serve this Motion on the United States Trustee, the Subchapter V Trustee, all parties who have made appearances, and all other parties on the matrix.

WHEREFORE, the Debtor respectfully requests that this Court grant this Motion and provide such other relief as is just and appropriate. A proposed order is attached on **Exhibit A**.

Respectfully submitted this 17th day of November, 2022.

**STONE & BAXTER, LLP**
By:

*/s/ Matthew S. Cathey*
Matthew S. Cathey
Georgia Bar No. 759547
Thomas B. Norton
Georgia Bar No. 997178
*Counsel for Debtor*

577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)
mcathey@stoneandbaxter.com
tnorton@stoneandbaxter.com

G:\CLIENTS\Smith, Beth Ann\Plan\Motion to Extend Deadline to File (final for upload).docx

# EXHIBIT A

# PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | |
|---|---|
| IN RE: : | |
| : | |
| BETH ANN SMITH, : | Chapter 11 Case No. 22-10618 |
| : | |
| Debtor. : | |
| : | |

**ORDER EXTENDING THE DEADLINE FOR THE DEBTOR TO FILE A PLAN**

On the Motion (Dkt. __) of the Debtor for an order pursuant to 11 U.S.C. § 1189(b) extending the deadline for the Debtor to file a plan; after notice to all creditors and parties-in-interest; the Court having determined that the requested relief is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest; and it appearing that the circumstances necessitating an extension of the § 1189(b) deadline are not circumstances for which the Debtor should justly be held accountable; and good and sufficient cause appearing, it is hereby:

ORDERED AND ADJUDGED that:

(a) The Motion is granted.

(b) The Debtor shall have through and including January 23, 2023 to file a plan.

**END OF DOCUMENT**

**This Order Prepared and Submitted by:**

*/s/ Matthew S. Cathey*
Matthew S. Cathey
Georgia Bar No. 759547
577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)
mcathey@stoneandbaxter.com
*Counsel for Debtor*